UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE OF THE LEHMAN BROTHERS
SMALL BALANCE COMMERCIAL
MORTGAGE PASS THROUGH
CERTIFICATES, 2007-1,

    Plaintiff,

 -against-

DR. KENNETH CRUTCH, THE CITY OF NEW
YORK PARKING VIOLATION BUREAU and
JOHN DOE Nos. 1-100

    Defendants.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09-CV-998 (FB)

FILED ORIGINAL
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 6 2010 ★
BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
JOHN MICHAEL TORIELLO, ESQ.
PATRICK J. SWEENEY, ESQ.
Holland & Knight, LLP
31 West 52nd Street
New York, New York 10019

*For Defendant Kenneth Crutch::*
JOELL C. BARNETT, ESQ.
Joell C. Barnett, P.C.
1161 Greene Avenue
Brooklyn, New York 11221

*For Defendant New York Parking
Violation Bureau:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the
City of New York
By:  MARIAN MASS, ESQ.
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

   Plaintiff U.S. Bank National Association ("US Bank") seeks to foreclose on a

$600,000 mortgage taken out by defendant Kenneth Crutch ("Crutch") in 2006. Crutch

stopped making payments in August 2008. US Bank now seeks summary judgment, asserting its right to foreclose on the subject premises. For the reasons below, US Bank's motion is granted.

I

The following facts are undisputed, unless otherwise noted; the familiarity of the parties with the case is presumed. The real property in question is located at 199-24 Linden Boulevard in Jamaica, New York ("the Property"). The Property, owned by Crutch, consists of one building; it is subdivided into a church (operated by Crutch), two residential units, and an office.

On November 16, 2006, Crutch executed a commercial mortgage on the Property and a note in the principal amount of $600,000 at an adjustable interest rate with Greenpoint Mortgage Funding, Inc. ("Greenpoint"). In January 2007, Greenpoint assigned the mortgage and note to Lehman Brothers Bank ("Lehman") in exchange for $600,000. In October 2008, Lehman assigned the mortgage and note to US Bank (in its capacity as trustee for a Lehman small-balance commercial mortgage trust) for $600,000. Crutch challenges the authenticity of the assignment from Lehman to US Bank.

The key provisions of the note and mortgage provide that a default entitles the holder to: accelerated payment of the full principal; late fees; personal liability against Crutch; the appointment of a receiver; and various expenses, attorneys' fees, and court costs. US Bank's records reflect that Crutch ceased making regular payments on the

mortgage in August 2008, and that he was notified of his default on September 11, 2008. Crutch denies being in default.

US Bank filed its foreclosure action, properly invoking this Court's diversity jurisdiction, in March 2009.[1]

## II

### A. Summary Judgment Standard

A district court must grant summary judgment "whenever it determines that there is no genuine issue of material fact to be tried." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering the motion, the Court must resolve all ambiguities and draw all factual inferences in favor of Crutch, the nonmovant. *See id.* at 255.

### B. Crutch's Opposition

In opposition to US Bank's motion, Crutch has submitted only a five-page document styled as an affidavit (although it also cites legal authorities). Crutch's affidavit,

---

[1] The City of New York Parking Violations Bureau has entered an appearance but does not oppose US Bank's motion.

signed by him personally, focuses principally upon his allegation that the assignment from Lehman to US Bank was defective. See Crutch Aff. (Mar. 24, 2010).[2]

The Affidavit also relies upon Crutch's Answer. See id. (attaching the Answer as Ex. A). The Answer also contests the assignment from Lehman to US Bank, claims that Crutch is not in default, and lists a prolix set of "affirmative defenses" along with various factual allegations. At the summary judgment stage, however, Crutch cannot "rely merely on allegations or denials in [his] own pleading"; he must set out specific, admissible evidence showing a genuine issue for trial. See Fed. R. Civ. P. 56(e)(2).

Crutch's affidavit, the Answer, and the points of counsel before the Court at oral argument fall well short of demonstrating that any genuine issues of fact remain.

---

[2] Crutch also challenges the "absent and unfiled power of attorney" referenced by US Bank's affiant, Steven Caroulis. See Crutch Aff. ¶¶ 13-15; Caroulis Decl. ¶ 3. Crutch's three confusing paragraphs on this point can be read as advancing two arguments: (1) that Caroulis's declaration is invalid because it lacks a power of attorney authorizing Caroulis to act on behalf of US Bank; (2) the assignment from Lehman to US Bank was invalid because no formal power of attorney was attached to the assignment.

As to the first argument: Caroulis need not file any such document since his affidavit attests to facts based upon his personal knowledge or records filed in support of US Bank's motion. Id. at ¶ 2.

As to the second argument: "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it[.]" Suraleb, Inc. v. Int'l Trade Club, Inc., 788 N.Y.S.2d 403, 403 (2d Dep't 2004). Moreover, the assignment from Lehman to US Bank specifically states that the executor of the assignment (on behalf of Lehman) signed it "in her authorized capacity[.]" Caroulis Decl. Ex. H at 4.

## C. US Bank's Right to Foreclosure

To establish a "prima facie entitlement to summary judgment [US Bank must provide] evidence of the assignment, the mortgage, the note, and the defendant['s] default[.]" *N. Bright Capital, LLC v. 705 Flatbush Realty, LLC*, 889 N.Y.S.2d 596, 597 (2d Dep't 2009) (citations omitted).

Crutch concedes that he executed the note and mortgage, but claims that the assignment from Lehman to US Bank was defective and that he is not in default.

As to the assignment: Crutch claims it is defective because the acknowledgment of the assignment was notarized in California. This challenge fails. New York real property may be conveyed by executing documents anywhere within the United States. N.Y. Real Prop. Law § 299. Where the conveyance is effected outside of New York, the acknowledgment must be authenticated or notarized under the laws of New York or else "accompanied by a certificate to the effect that it conforms with" the laws of the state in which the acknowledgment is made. N.Y. Real Prop. Law § 299-a(1). California attorney Benjamin Frankel, on behalf of US Bank, has submitted a certificate attesting that the assignment documents were notarized properly under the laws of California. *See* Frankel Decl. (Mar. 30, 2010). Frankel's certificate complies with the relevant requirements of N.Y. Real Prop. Law §§ 299 and 299-a(1). Although the certificate was not drafted until this litigation, the courts of New York routinely accept post-hoc certificates and give them *nunc pro tunc* ("now for then") effect. *See Nandy v. Albany Med. Ctr. Hosp.*, 548 N.Y.S.2d 98, 100 (3d Dep't 1989) (certificate of conformity can be "given nunc pro tunc effect once properly

acknowledged"); *Raynor v. Raynor*, 108 N.Y.S.2d 20, 21 (2d Dep't 1951) ("the lack of an authenticating certificate [is] a defect or irregularity which [can] be corrected nunc pro tunc").

As to the fact of Crutch's default: US Bank has submitted a detailed payment history showing Crutch's failure to make regular payments after August 19, 2008. *See* Caroulis Decl., Ex. E (payment register). Crutch failed to offer any evidence that he has resumed making regular payments or paid the past-due amounts.

US Bank has therefore demonstrated a prima facie entitlement under the terms of the mortgage and note to foreclose on the Property.

**D. Crutch's Defenses**

Although Crutch's affidavit does not constitute evidence that any of the affirmative defenses listed in the Answer merit trial, the Court will address them; they can be grouped as follows:

    1.    Violations of federal statutes, specifically: the Truth-in-Lending Act ("TILA"), 15 U.S.C. §§ 1638, 1639; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601.

    2.    Violations of New York statutes, specifically: the Banking Law; the General Business Law; and the Judiciary Law.

    3.    Status as a trustee precludes US Bank from being a real party in interest.

    4.    Common-law defenses, specifically: fraudulent inducement, conspiracy to defraud, unconscionability, and unclean hands.

Each defense is either not cognizable or fails on the merits.[3]

### 1. *Federal Statutory Defenses*

Crutch's defenses under TILA and RESPA fail because his mortgage was a commercial mortgage; commercial credit transactions are expressly exempted from the ambit of both statutes. *See* 15 U.S.C. § 1603(1) (specifying that TILA "does not apply" to "credit transactions . . . primarily for business, commercial, or agricultural purposes"); 12 U.S.C. § 2606(a) (specifying that RESPA "does not apply to credit transactions . . . primarily for business, commercial, or agricultural purposes").

### 2. *New York Statutory Defenses*

Crutch's state statutory defenses similarly fail, for the statutes on which he relies do not apply. The Banking Law's restrictions on "high-cost home loans," N.Y. Banking Law § 6-*l*, and "subprime home loans," § 6-m, are not germane because Crutch's mortgage was commercial in nature. *See* N.Y. Banking Law §§ 6-*l*(1)(e)(iii) (requiring that debt be incurred "primarily for personal, family, or household purposes"), 6-m(1)(d)(iii) (requiring same).

New York's prohibition of deceptive trade practices, *see* N.Y. Gen. Bus. Law § 349, is also inapplicable because—as a commercial borrower—Crutch must provide evidence that the conduct of someone involved in the transaction has "significant

---

[3] At oral argument, counsel also questioned whether US Bank or Lehman were properly classified as holders in due course. Since Crutch's defenses all fail on their merits, the Court has no need to address whether they might also be precluded by Lehman's or US Bank's status as a holder in due course. *See generally* N.Y. U.C.C. §§ 3-302, 3-305 (defining holder in due course status).

ramifications for the public at large[.]" *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (citation and internal marks omitted); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25 (1995) (reading § 349 to reach "acts [that] are directed to consumers" but not "private contract disputes, unique to the parties"). Crutch offers no such evidence.

Finally, New York's prohibition of champerty bars the purchase of a financial instrument "with the intent and for the purposes of bringing an action or proceeding thereon[.]" N.Y. Judiciary Law § 489(1). The statute has limited effect, however: "the prohibition of champerty [by § 489] has always been limited in scope and largely directed toward preventing attorneys from filing suit merely as a vehicle for obtaining costs[.]" *Merrill Lynch Mortgage Investors v. Love Funding Corp.*, 13 N.Y.3d 190, 199 (2009) (internal marks and citation omitted). Crutch offers no evidence that US Bank acquired his mortgage and note solely for purposes of enforcement; even if US Bank had done so, however, it would not violate the statute: "In short, the champerty statute does not apply when the purpose of an assignment is the collection of a legitimate claim." *Id.* at 201.

3. *US Bank's Status As Trustee*

Crutch claims that US Bank is not a real party in interest because it is a trustee, but he is in error. *See* Fed. R. Civ. P. 17(a)(1) (specifying that a trustee of an express trust is a real party in interest); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) ("As early as 1808, this Court stated that trustees of an express trust are entitled to bring diversity

actions in their own names and upon the basis of their own citizenship." (citing *Chappedelaine v. Dechenaux*, 4 Cranch 306, 308 (1808)).

### 4. *Common-Law Defenses*

Crutch claims that he was fraudulently induced into the mortgage by Greenpoint and others because they intentionally overappraised the value of the Property. He fails to identify any specific fraudulent statements or misrepresentations and fails to explain how they were fraudulent. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud[.]"); *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (explaining what is required under Rule 9(b)'s requirement of particularity in averments of fraud).

Crutch's civil conspiracy claim is easily disposed of: No such claim exists in New York. "It is a well-settled and often repeated principle of New York law that no cause of action lies for civil conspiracy." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 591 (2d Cir. 2005) (collecting cases).

Crutch also contends that the mortgage was procedurally and substantively unconscionable. "[A]n unreasonable contract [is] one which is so grossly unreasonable or unconscionable in light of the mores and business practices of the time and place as to be unenforcible [*sic*] according to its literal terms." *Sablosky v. Edward S. Gordon Co.*, 73 N.Y.2d 133, 139 (1989) (citation and internal marks omitted). Crutch falls well short of meeting this demanding definition. He believes that Greenpoint had a bargaining advantage because of its greater knowledge of mortgage lending, but "[m]ere inequality in bargaining power

does not render a contract unenforceable." *Mickle v. Christie's, Inc.*, 207 F. Supp. 2d 237, 253 (S.D.N.Y. 2002) (internal marks and citation omitted). He claims that certain fees were undisclosed, but fails to specify which ones or their amounts. He points to the fact that he was placed in a so-called "no income, no asset" loan and that he was subject to an adjustable interest rate, but fails to explain how these terms were unconscionable.

Lastly, unclean hands: Crutch must prove that US Bank is "guilty of immoral, unconscionable conduct[.]" *Nat'l Distillers & Chem. Corp. v. Seyopp Corp.*, 17 N.Y.2d 12, 15 (1966). Crutch points only to the possible overappraisal of the Property and his "no income, no asset" loan. He offers no evidence that the property was overappraised, that his type of loan was immoral or unconscionable, or that US Bank had anything to do with either the appraisal or the type of loan issued.

### E. US Bank's Remedies

US Bank is therefore entitled to foreclosure and is authorized to sell the Property. The terms of the mortgage make Crutch personally liable for any remaining deficiency between the foreclosure proceeds and the amounts owed. Crutch also agreed to pay reasonable attorney's fees, expenses, and court costs incurred in foreclosure proceedings.

Lastly, US Bank seeks appointment of a temporary receiver to collect all rents and profits during the pendency of the foreclosure. There is a receivership provision in the mortgage, but the Second Circuit cautions that the "appointment of a receiver is considered to be an extraordinary remedy [that] should be employed cautiously and granted only

when clearly necessary to protect plaintiff's interests in the property." *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997) (internal marks and citation omitted). "[W]here the mortgage authorizes such appointment, and the mortgagee has repeatedly defaulted on conditions of the mortgage," however, "[i]t is entirely appropriate for a mortgage holder to seek the appointment of a receiver[.]" *Citibank, N.A. v. Nyland (CF8), Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988) (citations omitted). Crutch "bears the burden of demonstrating why a receiver should not be appointed." *D.B. Zwirn Special Opportunities Fund v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 491 (S.D.N.Y. 2008). Crutch makes no such showing.

### III

US Bank's motion for summary judgment is granted in its entirety. US Bank shall submit a proposed order appointing a temporary receiver in due course.

**SO ORDERED.**

s/Frederic Block
FRÉDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 23, 2010