UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, 2007-1,

Plaintiff,

-against-

DR. KENNETH CRUTCH, THE CITY OF NEW YORK PARKING VIOLATION BUREAU and JOHN DOE Nos. 1-100,

Defendant.

09 CV 0998 (FB)(RER)

**DECLARATION OF JENNIFER HENNINGER IN OPPOSITION TO MOTION TO VACATE SUMMARY JUDGMENT ORDER**

---

JENNIFER HENNINGER, hereby declares under penalty of perjury,

1. I am a Special Assets Administrative Assistant at Aurora Bank FSB f/k/a Lehman Brothers Bank FSB ("Aurora"), which is the loan servicer for the plaintiff, U.S. Bank National Association As Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2007-1 (the "Plaintiff"). I make this declaration in support of the opposition filed by the Plaintiff to the motion of defendant Dr. Kenneth Crutch to vacate the summary judgment order.

2. I base the statements contained in this declaration on my personal knowledge and, where not based upon my personal knowledge, upon my review of the records regarding loan number 0203119862 for the borrower named "Dr. Kenneth Crutch" (the "Loan"), which records have been maintained by Aurora in the normal course of its business servicing the Loan. Additionally, I have reviewed the Declaration of Steven Caroulis, dated February 22, 2010, which was filed in this action, along with the exhibits annexed to such declaration (the "Caroulis Declaration").

3. It is the regular practice of Aurora's business to make a log containing the dates when original loan documents, including notes, are physically transferred to Aurora with respect to loans that it is servicing, as well as recording those dates when such original documents are delivered to another person or entity. It is among my job responsibilities at Aurora to: (i) maintain and make entries into this log, which entries are made at or near the time that loan documents are transferred to or from Aurora; and (ii) ensure that the information contained in the log is accurate. This log is kept in the course of Aurora's regularly conducted business activity.

4. With respect to the Loan, Aurora's log reflects that the "collateral file," which includes the original note, a copy of which is attached to the Caurolis Declaration as Exhibit B was physically received by Aurora Bank from the Plaintiff on October 14, 2008. These documents, which include the original note, have been in the continuous possession of Aurora Bank as servicer for the Plaintiff since such date and are maintained in a locked fire proof cabinet, which is under my control (which is referred to as "in fire king" in the log). The notations made in the log concerning the Loan, including the transfer of possession of the "collateral file," which includes the original note, were made or near the time that Aurora received such documents from the Plaintiff.[1] (A copy of that portion of the log covering October 2008, which has been redacted to eliminate references to other loans having nothing to do with the defendants, is annexed hereto as Exhibit A.)

5. Additionally, I am the person who prepared the allonge which is annexed to the Caroulis Dec. as Exhibit G (the "Allonge"). The Allonge was prepared and executed in October 2008. The original Allonge has been in Aurora's continuous possession, as servicer for the

---

[1] The phrase Collateral File is abbreviated as "CF" in the log.

-2-

NYACTIVE-12258185.1

Plaintiff, since such time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Lake Forest, California on November 10, 2011.

_____
Jennifer Henninger