**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE OF THE LEHMAN
BROTHERS SMALL BALANCE
COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, 2007-1,

                Plaintiff**,**                **REPORT & RECOMMENDATION**

        -against-                          09-CV-998 (FB) (RER)

DR. KENNETH CRUTCH, THE CITY OF
NEW YORK PARKING VIOLATION
BUREAU and JOHN DOE Nos. 1-100,

                Defendants.
-------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.**:

                **TO THE HONORABLE FREDERIC BLOCK, U.S.D.J.:**

       On March 10, 2009, U.S. Bank National Association ("U.S. Bank") brought this action against defendants, Dr. Kenneth Crutch and others, to foreclose on a mortgage encumbering property at 199-24 Linden Boulevard, Jamaica, New York. (Dkt. No. 1.) On July 26, 2010, Your Honor granted U.S. Bank's motion for summary judgment, holding that U.S. Bank was "entitled to foreclosure and is authorized to sell the Property." (Dkt. No. 30, at 10.) In that same Order, Your Honor directed U.S. Bank to "submit a proposed order appointing a temporary receiver in due course." (*Id.* at 11.) Rather than seek appointment of a temporary receiver, U.S. Bank moved by letter for a hearing before a magistrate judge to determine the amounts due and owing under the subject note and mortgage and for a judgment of foreclosure. (Dkt. No. 31.)

Your Honor then referred that motion to me for a report and recommendation. (Dkt. Entry dated Mar. 2, 2011.)[1]

For the reasons stated herein, I respectfully recommend that U.S. Bank's motion be granted and that a judgment of foreclosure be entered against Dr. Crutch in the amount of $873,232.84 as of August 1, 2011, with interest accruing thereafter at a rate of $122.97 per diem.

**DISCUSSION**[2]

A court has broad discretion in determining whether a damage inquest hearing is "necessary and proper." *Diversified Fin. Sys., Inc. v. Tomich Corp.*, No. 95-CV-4211 (ILG), 1997 WL 177873, at *3 (E.D.N.Y. Mar. 28, 1997) (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir.1993)). If there is an adequate basis in the record on which to enter a damage award, the court need not conduct an in-person hearing. *Garden City Boxing Club, Inc. v. Flor de Luna Corp.*, No. 07-CV-3848 (ENV) (JMA), 2009 WL 2399118, at *2 (E.D.N.Y. Aug. 5, 2009); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). In cases involving debt instruments, a note, guarantee, and affidavit may cumulatively provide an adequate basis for determining damages and establish the right to certain amounts owed on the instruments. *Diversified Fin. Sys.*, 1997 WL 177873, at *3.

---

[1] Subsequently, Dr. Crutch moved to vacate Your Honor's grant of summary judgment. (Dkt. No. 43.) That motion is currently *sub judice* but does not otherwise affect the instant motion.

[2] A discussion of the relevant facts is unnecessary as Your Honor has already issued a comprehensive Memorandum and Order on U.S. Bank's summary judgment motion, and as discussed herein, Dr. Crutch has not opposed the instant motion.

There is no need for a hearing on damages. U.S. Bank has submitted its damages calculation, its supporting documentation, and its position that an in-person hearing is not necessary. (Dkt. Nos. 37, 38.) Defendants have not yet responded, and apparently Dr. Crutch has no intention of doing so. (Dkt. No. 53, at 2 ("[Defendant] has not submitted any opposition to Plaintiff's calculation of damages pursuant to the Court's scheduling Order and does not intend to.").) Regardless, U.S. Bank's submissions are sufficient and provide an adequate basis from which the Court can determine the damages to which it is entitled.

The promissory note, mortgage, Peggy G. Henson's declaration (Dkt. No. 35), and Patrick Sweeney's declaration (Dkt. No. 37) together establish U.S. Bank's entitlement as of August 1, 2011, to: $591,216.74 in principal; $139,907.00 in interest; $1,074.60 in late fees; $100,579.11 in miscellaneous charges and legal fees;[3] $40,455.39 in escrow advances; and interest on the note and mortgage which continues to accrue at a rate of $122.97 per diem. I have independently reviewed the calculations and examined the documents upon which they are based, and I find that the calculations are correct.

Additionally, I have examined U.S. Bank's request for attorney's fees and costs and find that they are reasonable. U.S. Bank's counsel submitted statements of services rendered, hourly rates, time expenditures, information regarding the experience and qualifications of attorneys and legal staff involved, as well as comparable rates for attorneys, paralegals, and legal staff with

---

[3] There is a discrepancy between Ms. Henson's and Mr. Sweeney's calculations of legal fees. Ms. Henson's declaration includes a calculation of $97,175.09 as "Misc. Charges," presumably representing legal fees and costs. U.S. Bank requests the amount provided in Mr. Sweeney's declaration for legal fees and costs, which is $100,579.11. Mr. Sweeney's calculation is supported by contemporaneous time records. I therefore find Mr. Sweeney's calculation to be correct, and I have relied on it in calculating damages.

similar experience in the New York market. Counsels' rates are reasonable and consistent with those charged by attorneys in this District. Finally, the time expended litigating this matter was appropriate.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that U.S. Bank be granted a judgment of foreclosure against Dr. Crutch in the amount of $873,232.84 as of August 1, 2011, along with interest of $122.97 per diem through the date of judgment.

U.S. Bank is hereby directed to serve copies of this Report and Recommendation upon Dr. Kenneth Crutch and the City of New York Parking Violations Bureau by certified mail, return receipt, and to promptly file proof of service with the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Frederic Block within fourteen days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated: Brooklyn, New York**
      **December 6, 2011**

/s/
**RAMON E. REYES, JR.**
**United States Magistrate Judge**