UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
U.S. NATIONAL BANK ASSOCIATION,

     Plaintiff,

 -against-

DR. KENNETH CRUTCH, THE CITY OF NEW YORK PARKING VIOLATION BUREAU and JOHN DOE Nos. 1-100,

     Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 09 CV 998 (FB) (RER)

*Appearances:*
*For the Plaintiff:*
BRUCE J. ZABARAUSKAS, ESQ.
Crowell & Moring LLP
3 Park Plaza
Irvine, CA 92614

*For the Defendants:*
JOELL C. BARNETT, ESQ.
Joell C. Barnett, P.C.
1161 Greene Avenue
Brooklyn, NY 11221

**BLOCK, Senior District Judge:**

  U.S. Bank National Association ("U.S. Bank") brought this action against Dr. Kenneth Crutch, the City of New York Parking Violation Bureau and John Doe numbers 1 through 10 (collectively, "defendants") to foreclose on a mortgage. On July 26, 2010 I granted U.S. Bank's motion for summary judgment, holding that U.S. Bank is entitled to foreclosure and may sell the property in question. On March 2, 2011 U.S. Bank moved for a hearing before a magistrate judge to determine the amounts due and owing under the subject note and mortgage and for a judgment of foreclosure. I referred that motion to Magistrate Judge Ramon Reyes, who has since issued a Report and Recommendation ("R&R"), dated December 6, 2011.

  Magistrate Judge Reyes recommended that U.S. Bank's motion be granted and that a judgment of foreclosure be entered against defendant Crutch in the amount as of August 1, 2011 of $591,216.74 in principal; $139,907.00 in interest; $1,074.60 in late fees; $100,579.11 in miscellaneous

1

charges and late fees; and $40,455.39 in escrow advances; with interest accruing thereafter at a rate of $122.97 per diem through the date of judgment. *See* R&R at 3. The R&R also stated that defendants' failure to object within fourteen days of receiving the R&R would preclude appellate review. *See id.* at 4. Plaintiff served copies of the R&R upon defendants Crutch and the City of New York Parking Violations Bureau on December 7, 2011. To date, no objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F. 3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F. 3d 162, 174 (2d Cir. 2000); no such error appears here.

Accordingly, the Court adopts the R&R without *de novo* review and directs the Clerk to enter judgment in accordance with the R&R.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, NY
January 25, 2012