```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
```

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS THROUGH CERTIFICATES, 2007-1, | **MEMORANDUM AND ORDER** <br> Case No. 09-CV-998 (FB) |
| Plaintiff, | |
| -against- | |
| DR. KENNETH CRUTCH, THE CITY OF NEW YORK PARKING VIOLATION BUREAU and JOHN DOE Nos. 1-100, | |
| Defendants. | |

```
--------------------------------------------------------------x
```

*Appearances:*

*For the Plaintiff:*
BRUCE J. ZABARAUSKAS, ESQ.
Crowell & Moring LLP
3 Park Plaza
Irvine, CA 92614

*For Defendant Kenneth Crutch*:
JOELL C. BARNETT, ESQ.
Joell C. Barnett, P.C.
1161 Greene Avenue
Brooklyn, NY 11221

*For Defendant New York Parking Violation Bureau:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel of the City of New York
   By: MARIAN MASS, ESQ.
        100 Church Street
        New York, NY 10007

**BLOCK, Senior District Judge:**

On July 26, 2010, the Court granted summary judgment to plaintiff U.S. Bank National Association ("US Bank") in this mortgage foreclosure action, holding that it is entitled to foreclosure and is authorized to sell the subject property. *See U.S. Bank Nat. Ass'n*

1

*v. Crutch*, No. 09-998, 2010 WL 2978172, 4 (E.D.N.Y July 26, 2010).[1] Pending before the Court is defendant Kenneth Crutch's motion for reconsideration of that order.[2]

On January 25, 2012, the Court adopted a magistrate judge's Report and Recommendation ("R&R") and directed that a judgment of foreclosure be entered against Crutch in the amount – as of August 1, 2011 – of $591,216.74 in principal; $139,907.00 in interest; $1,074.60 in late fees; $100,579.11 in miscellaneous charges and late fees; and $40,455.39 in escrow advances; with interest accruing thereafter at a rate of $122.97 per diem through the date of judgment. *See U.S. Nat. Bank Ass'n v. Crutch*, No. 09-998, 2012 WL 243381 (E.D.N.Y. Jan. 25, 2012). The Clerk of the Court was directed, however, not to enter judgment until the Court rendered a decision on Crutch's motion for reconsideration.

## I.   Standard for reconsideration

A district court has inherent authority to reconsider and modify its interlocutory orders, *see Gordon and Breach Science Publishers S.A. v. American Institute of Physics,* 905 F.Supp. 169, 178-179 (S.D.N.Y. 1995), and the decision to grant or deny reconsideration is within the Court's sound discretion, *see Mangino v. Incorporated Village of*

---

[1] Familiarity with the underlaying facts and the Court's prior opinion is presumed.

[2] Crutch purports to make his motion pursuant to Federal Rule of Civil Procedure 60. Rule 60 is inapplicable here, however, because the Court's summary judgment order was nonfinal. *See* Rule 60(b) ("[T]he court may relieve a party . . . from a final judgment, order or proceeding . . . ."); *In re U.S. Lines, Inc.*, 216 F.3d 228, 233-35(2d Cir. 2000) (requiring finality for Rule 60 motion); *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) ("An order granting summary judgment on the issue of liability, but requiring a calculation of damages, is not an appealable final order."). The Court will nevertheless entertain his motion under its inherent authority to reconsider an interlocutory order. *See Gordon and Breach Science Publishers S.A. v. American Institute of Physics,* 905 F.Supp. 169, 178-179 (S.D.N.Y. 1995).

*Patchogue*, 814 F.Supp.2d 242 (E.D.N.Y. 2012). However, "it is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" *National Union Fire Ins. Co. of Pittsburgh, PA v. Las Vegas Professional Football Ltd. Partnership*, 409 Fed.Appx. 401, 403 (2d Cir. 2010), quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001). Rather, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**II.    Defendant's contentions**

Crutch's first contention is that US Bank lacked standing to commence this action. He raised a standing argument in his opposition to summary judgment that was based on the acknowledgment of assignment, and the Court rejected it. *See U.S. Bank*, No. 09–CV–998, 2010 WL 2978172 at 1-2. He now argues, for the first time, that US Bank lacks standing because the underlying note was never assigned and there is insufficient evidence of either assignment or transfer prior to commencement of this action. The Court cannot consider these arguments for the first time on this motion. *See National Union Fire Ins. Co. of Pittsburgh, PA*, 409 Fed. Appx. at 403.

In any event, Crutch does not point to any facts or law that would alter the Court's determination that US Bank has established standing. Under New York law, a plaintiff in a mortgage foreclosure action has standing if it is "both the holder or assignee

3

of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced." *U.S. Bank, N.A. v Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009). US Bank has plainly met this standard. According to the declaration of Steven Caroulis,[3] Greenpoint Mortgage Funding, Inc. endorsed the note to Lehman Brothers Bank, FSB ("Lehman") and assigned the mortgage in January 2007, and Lehman assigned its rights under the note and mortgage to US Bank in October 2008, well before commencement of this action in March 2009. *See* Caroulis Decl. ¶¶ 7, 8, 12. Moreover, a declaration submitted by Jennifer Henninger states that, according to the Bank's regularly-kept records, the loan documents – including the note – have been in continuous possession of the Bank since October 14, 2008. Henninger Decl. ¶¶ 3, 4. These representations are more than sufficient to establish standing. *See U.S. Bank, N.A.*, 890 N.Y.S.2d at 580 ("Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident").[4]

Crutch next maintains that Caroulis's declaration, which was critical to the summary judgment determination, is invalid because he has not demonstrated power of attorney. As the Court explained in its summary judgment order, this argument lacks merit – Caroulis's declaration is based on his personal knowledge and therefore does not require a power of attorney.

---

[3] Caroulis is attorney-in-fact for the plaintiff. His declaration is based on personal knowledge.

[4] As possession alone is sufficient to transfer ownership of the debt, the Court finds it unnecessary to address Crutch's other objections to the validity of the assignments.

Finally, Crutch argues that the summary judgment order should be vacated on the grounds that US Bank failed to provide him with a copy of the trust's pooling and servicing agreement ("PSA") and, because the PSA dictates the terms under which the trust could acquire the debt, this failure amounts to fraud. The Court will not address this novel contention for the first time now except to observe that Crutch's argument is entirely speculative.

### III.   Conclusion

Accordingly, Crutch's motion for reconsideration of the Court's summary judgment order is denied.

**SO ORDERED.**

s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 7, 2012