UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------
U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE OF THE LEHMAN BROTHERS
SMALL BALANCE COMMERCIAL
MORTGAGE PASS-THROUGH
CERTIFICATES, 2007-1,

               Plaintiff,

    -against-

DR. KENNETH CRUTCH, and THE CITY OF
NEW YORK PARKING VIOLATION BUREAU,

              Defendants.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 09 CV 998 (FB) (RER)

*Appearances:*
*For the Plaintiff:*
BRUCE J. ZABARAUSKAS, ESQ.
Thompson & Knight LLP
900 Third Avenue
20th Floor
New York, NY 10022

*For the Defendants:*
JOELL C. BARNETT, ESQ.
Joell C. Barnett, P.C.
1161 Greene Avenue
Brooklyn, NY 11221

**BLOCK, Senior District Judge:**

On May 23, 2012, the Clerk of Court entered a judgment of foreclosure and sale as directed by this Court, which provided for a judgment in the amount of $873,232.84, plus $122.97 per day from August 1, 2011 to the date of judgment, with interest at the legal rate from the date of judgment. The judgment also ordered that a sale of the real property at issue, 199-24 Linden Boulevard, Jamaica, New York 11412 and designated Section 4, Block 12620, Lot 9, on the Land Tax Map of the County of Queens ("Mortgaged Premises"), was to take place at a public auction under the direction of Special Master Thomas L. Tedeschi, Esq.

("Special Master").[1]   At the time of entry of judgment a notice of pendency, filed with the Clerk of Queens County on October 30, 2009, was in effect.[2]   The notice of pendency subsequently expired on October 30, 2012.

Shortly before its expiration, plaintiff U.S. Bank National Association ("U.S. Bank") submitted a request to extend the notice of pendency for an additional three years such that it would expire on October 30, 2015.  Although plaintiff requested the extension in order to "protect the interests of both the Plaintiff and any potential purchaser at the foreclosure sale from the filing of any liens against the Property subsequent to the scheduled expiration of the Notice of Pendency," the Court recognizes that the judgment of foreclosure and sale contains the following provision:

> [I]t is further ORDERED AND ADJUDGED, that each and all of the Defendants in this action, and all persons claiming under them or any or either of them, after the filing of the Notice of

---

[1] Although the Special Master issued a Notice of Sale scheduling the public auction for October 3, 2012, the sale did not take place as scheduled because on October 2, 2012, defendant Dr. Kenneth Crutch filed a Chapter 13 voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York, which had the effect of staying the foreclosure sale.  *See* 11 U.S.C. § 362(a)(2).  The stay has since been lifted following the Bankruptcy Court's dismissal of Dr. Crutch's case on November 21, 2012.  As of January 11, 2013, a new sale date had not yet been scheduled.

[2] N.Y. C.P.L.R. § 6501 (2012) provides:

A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property . . . The pendency of such an action is constructive notice, from the time of filing of the notice only, to a purchaser from, or incumbrancer against, any defendant named in a notice of pendency indexed in a block index against a block in which property affected is situated or any defendant against whose name a notice of pendency is indexed. A person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as a party.

> Pendency of this action be, and they are hereafter forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and in each and every part and parcel thereof . . . .

Judgment of Foreclosure and Sale at 2 (May 22, 2012). Likewise, having failed to receive an extension plaintiff was free to file a new notice of pendency in order to protect its interest in the Mortgaged Premises. *See Campbell v. Smith*, 768 N.Y.S.2d 182, 183 (1st Dep't 2003) (providing that plaintiff in a mortgage foreclosure action could file a successive notice of pendency where the first notice of pendency had expired); *Bankers Trust Co. v. Lifson*, 776 N.Y.S.2d 288, 289 (2nd Dep't 2004) (noting the "longstanding rule that a new notice of pendency may be filed in a mortgage foreclosure action despite the cancellation or expiration of a previous notice.").

In light of the foregoing, the Court denies the plaintiff's motion. *See* N.Y. C.P.L.R. § 6513 (2012) ("A notice of pendency shall be effective for a period of three years from the date of filing. Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like additional period. An extension order shall be filed, recorded and indexed before expiration of the prior period."); *see also* N.Y. C.P.L.R. § 6513 Editors' Notes ("The extension must be sought in a motion initiated by order to show cause, and the plaintiff must demonstrate 'good cause' for the extension.").

**SO ORDERED.**

                                                         FREDERIC BLOCK
                                                         Senior United States District Judge

Brooklyn, New York
January 18, 2013